**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VLADIMIR GUSINSKY REVOCABLE TRUST, Derivatively on Behalf of BOSTON SCIENTIFIC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL F. MAHONEY, JONATHAN R. MONSON, KENNETH M. STEIN, JOSEPH M. FITZGERALD, NICHOLAS SPADEA-ANELLO, YOSHIAKI FUJIMORI, DAVID C. HABIGER, EDWARD J. LUDWIG, JESSICA L. MEGA, SUSAN E. MORANO, CHERYL PEGUS, JOHN E. SUNUNU, DAVID S. WICHMANN, and ELLEN M. ZANE,<br><br>Individual Defendants,<br><br>–and–<br><br>BOSTON SCIENTIFIC CORPORATION, a Delaware Corporation,<br><br>Nominal Defendant. | Case No.: 1:26-cv-13160-BEM |

[Caption continued on next page.]

| | |
|---|---|
| JOSEPH CROGNALE and FEGHALI FOODS, INC. PSP, Derivatively on Behalf of BOSTON SCIENTIFIC CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL F. MAHONEY, JONATHAN R. MONSON, KENNETH M. STEIN, JOSEPH M. FITZGERALD, NICHOLAS SPADEA-ANELLO, YOSHIAKI FUJIMORI, DAVID C. HABIGER, EDWARD J. LUDWIG, JESSICA L. MEGA, SUSAN E. MORANO, CHERYL PEGUS, JOHN E. SUNUNU, DAVID S. WICHMANN, and ELLEN M. ZANE,<br><br>Defendants,<br><br>–and–<br><br>BOSTON SCIENTIFIC CORPORATION, a Delaware Corporation,<br><br>Nominal Defendant. | Case No. 1:26-cv-13174-BEM |

**JOINT MOTION AND STIPULATION AND ORDER CONSOLIDATING RELATED STOCKHOLDER DERIVATIVE ACTIONS, APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS AND STAYING CONSOLIDATED ACTION**

WHEREAS, on July 9, 2026, plaintiff Vladimir Gusinsky Revocable Trust ("Plaintiff Gusinsky Trust") filed a stockholder derivative action on behalf of nominal defendant Boston Scientific Corporation ("Boston Scientific" or the "Company") in this Court alleging violations of the federal securities laws, breach of fiduciary duty, and unjust enrichment against defendants Michael F. Mahoney, Jonathan R. Monson, Kenneth M. Stein, Joseph M. Fitzgerald, Nicholas Spadea-Anello, Yoshiaki Fujimori, David C. Habiger, Edward J. Ludwig, Jessica L. Mega, Susan E. Morano, Cheryl Pegus, John E. Sununu, David S. Wichmann, and Ellen M. Zane (the

"Individual Defendants" and, together with the Company, "Defendants"), captioned *Vladimir Gusinsky Revocable Trust v. Mahoney, et al.*, Case No. 1:26-cv-13160-BEM (the "*Gusinsky Trust* Action");

WHEREAS, on July 10, 2026, plaintiffs Joseph Crognale ("Plaintiff Crognale") and Feghali Foods, Inc. PSP ("Plaintiff Feghali Foods," and together with Plaintiff Gusinsky Trust and Plaintiff Crognale, "Plaintiffs") filed a stockholder derivative action on behalf of nominal defendant Boston Scientific in this Court alleging violations of the federal securities laws, breach of fiduciary duty, and unjust enrichment against Defendants, captioned *Crognale, et al. v. Mahoney, et al.*, Case No. 1:26-cv-13174-BEM (the "*Crognale* Action," and together with the *Gusinsky Trust* Action, the "Crognale/Gusinsky Derivative Actions");

WHEREAS, Defendants have accepted and waived service of the complaints in the Crognale/Gusinsky Derivative Actions without waiving any of Defendants' rights or defenses other than with respect to sufficiency of service of process, and Defendants' responses to the complaints are currently due on October 27, 2026;

WHEREAS, on March 5, 2026, a related securities class action captioned *Troike v. Boston Scientific Corporation, et al.*, Case No. 4:26-cv-40075 (D. Mass.) (the "Securities Class Action"), was filed in this District alleging violations of the federal securities laws against Boston Scientific and several of the Individual Defendants arising out of some of the same underlying transactions or events as alleged in the Crognale/Gusinsky Derivative Actions, including allegations that Boston Scientific and the named Individual Defendants issued allegedly misleading statements concerning the growth of Boston Scientific's Electrophysiology business ("EP"), and the motion to dismiss the Securities Class Action remains pending;

WHEREAS, on May 6, 2026, this Court consolidated two stockholder derivative actions filed on behalf of Boston Scientific—*Valen v. Mahoney, et al.*, Case No. 1:26-cv-11296-JEK (filed Mar. 16, 2026) and *Feder v. Mahoney, et al.*, Case No. 1:26-cv-11864-JEK (filed Apr. 23, 2026)—under the caption *In re Boston Scientific Corporation Derivative Litigation*, Lead Case No. 1:26-cv-11296-JEK; these consolidated derivative actions (the "Valen/Feder Derivative Actions") pursue derivative claims based on substantially the same allegations in the Securities Class Action and are stayed (*see* Valen/Feder Derivative Actions, ECF Nos. 12 and 15, ¶10);

WHEREAS, the Court in the Valen/Feder Derivative Actions directed that any subsequently filed shareholder derivative action arising out of the "same, or substantially the same, transactions or events" as the Valen/Feder Derivative Actions "shall be automatically consolidated" and subject to the temporary stay terms of the Valen/Feder Derivative Actions during the pendency of the motion to dismiss in the Securities Class Action (Valen/Feder Derivative Actions, ECF Nos. 12 and 15 at ¶ 10);

WHEREAS, it is Plaintiffs' position that the Crognale/Gusinsky Derivative Actions allege Section 14(a) proxy claims and pacemaker allegations that are not alleged in the Valen/Feder Derivative Actions or the Securities Class Action and thus present distinguishing factual allegations and legal theories that differentiate them from the stayed Valen/Feder Derivative Actions, and do not support consolidation or coordination of the two matters at this time;

WHEREAS, it is Defendants' position that the Crognale/Gusinsky Derivative Actions should be automatically consolidated with the Valen/Feder Derivative Actions pursuant to the Court's order in the Valen/Feder Derivative Actions (ECF No. 15) including because the Crognale/Gusinsky Derivative Actions allege that the pacemaker conduct is "interrelated" and

"overlapping" with the allegations about the EP business growth (Crognale/Gusinsky Derivative Actions, ECF No. 1, ¶ 3);

WHEREAS, notwithstanding the parties' competing positions regarding whether the Crognale/Gusinsky Derivative Actions should be automatically consolidated now with the Valen/Feder Derivative Actions, the parties agree that, in the interest of judicial economy and subject to the approval of the Court, that the Crognale/Gusinsky Derivative Actions be consolidated with each other for all purposes, including pre-trial proceedings and trial, into a single consolidated action under Lead Case No. 1:26-cv-13160-BEM (hereinafter referred to as the "Consolidated Action");

WHEREAS, the parties therefore respectfully submit that the Crognale/Gusinsky Derivative Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42(a);

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Crognale/Gusinsky Derivative Actions, Plaintiffs designate the law firms of Levi & Korsinsky, LLP and Robbins LLP as Co-Lead Counsel for Plaintiffs in the Consolidated Action; and have attached hereto each of their firms' resumes as Exhibits A and B, respectively;

WHEREAS, Defendants take no position regarding the appointment of leadership for Plaintiffs or the appointment of Co-Lead Counsel for Plaintiffs;

WHEREAS, the parties further believe that a ruling on the motion to dismiss in the Securities Class Action may help inform the manner in which the Crognale/Gusinsky Derivative Actions proceed, and have agreed, subject to the approval of the Court, to stay this action, including motion practice and discovery until a decision is rendered on the motion to dismiss in the Securities Class Action; and

WHEREAS, within twenty (20) days after the ruling on the motion to dismiss in the Securities Class Action or the date that this stay is lifted, the parties will meet and confer regarding potential consolidation of the Crognale/Gusinsky Derivative Actions and the Valen/Feder Derivative Actions and any further proceedings in this action.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED, by and among the undersigned counsel for the respective Parties, subject to approval of the Court, and respectfully requested, that:

1. The Crognale/Gusinsky Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Lead Case No. 1:26-cv-13160-BEM:

| **Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Vladimir Gusinsky Revocable Trust v. Mahoney, et al.* | 1:26-cv-13160-BEM | July 9, 2026 |
| *Joseph Crognale and Feghali Foods, Inc. PSP v. Mahoney, et al.* | 1:26-cv-13174-BEM | July 10, 2026 |

2. Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE BOSTON SCIENTIFIC CORPORATION DERIVATIVE LITIGATION II | Lead Case No. 1:26-cv-13160-BEM<br><br>(Consolidated) |
| This Document Relates to:<br><br>ALL ACTIONS. | |

3. All papers filed in connection with the Consolidated Action need only be filed in Lead Case No. 1:26-cv-13160-BEM.

4. Co-Lead Counsel for Plaintiffs in the Consolidated Action shall be:

**LEVI & KORSINSKY, LLP**
Gregory M. Nespole
Correy A. Suk
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
gnespole@zlk.com
csuk@zlk.com

**ROBBINS LLP**
Brian J. Robbins
Kevin A. Seely
Jacob W. Ogbozo
Grant M. Klasna
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsllp.com
kseely@robbinsllp.com
jogbozo@robbinsllp.com
gklasna@robbinsllp.com

5. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in the Consolidated Action in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

6. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

7. Counsel for all of the Defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

8. This Order shall apply to each stockholder derivative action brought on behalf of Boston Scientific arising out of the same, or substantially the same, transactions or events as these cases, including the pacemaker allegations and related derivative theories, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Boston Scientific Corporation Derivative Litigation II*, Lead Case No. 1:26-cv-13160-BEM, is hereafter filed in the Court, removed to this Court, reassigned to the Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Boston Scientific Corporation Derivative Litigation II*, Lead Case No. 1:26-cv-13160-BEM, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Any such subsequently-filed action shall, unless otherwise ordered by the Court, be automatically consolidated into the Consolidated Action except that nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently-filed or transferred related action.

9. All papers and documents previously filed and/or served in the Crognale/Gusinsky Derivative Actions shall be deemed a part of the record in the Consolidated Action.

10. All proceedings and deadlines in this Consolidated Action are hereby stayed until final resolution of the motion to dismiss in the Securities Class Action.

11. Within twenty (20) days after the ruling on the motion to dismiss in the Securities Class Action or the date that this stay is lifted, the parties will meet and confer regarding potential consolidation of the Crognale/Gusinsky Derivative Actions and the Valen/Feder Derivative Actions and any further proceedings in this action.

12. If any other Boston Scientific shareholder serves another derivative action on behalf of Boston Scientific based on the materially same set of facts alleged in this Consolidated Action, as well any related demands under Section 220 of the Delaware General Corporation Law, or litigation demands ("Future Related Derivative Actions"), Defendants shall promptly notify Plaintiffs of that fact.

13. If any Future Related Derivative Action is not stayed for the same duration as, or a longer duration than, this Consolidated Action, Defendants shall also promptly notify Plaintiffs of that fact.

14. If any Future Related Derivative Action is not stayed for the same duration as, or a longer duration than, this Consolidated Action, Plaintiffs may lift the agreed stay by giving fourteen (14) days written notice to undersigned counsel for Defendants via email. If Plaintiffs terminate the stipulated stay pursuant to this paragraph, Defendants reserve the right to file a motion for a further stay of proceedings, which Plaintiffs reserve the right to oppose.

15. Notwithstanding the stay, Plaintiffs may file an amended complaint once during the pendency of the stay without leave of Court; provided, however, that if Plaintiffs file an amended pleading during the pendency of this stay, Defendants are not required to answer or otherwise respond to the amended pleading during the pendency of the stay.

16. The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court based on the materially same set of facts alleged in this Consolidated Action. In addition, an application for consolidation of such a shareholder derivative action may be made by Plaintiffs, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiffs, and

may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

17. The Consolidated Action shall not be consolidated with the Valen/Feder Derivative Actions at this time. The Court reserves the right, on its own motion or on application of any Party, to order the consolidation or coordination of the Consolidated Action with the Valen/Feder Derivative Actions, at a later date.

18. This Joint Motion and Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the parties in the Crognale/Gusinsky Derivative Action.

IT IS SO STIPULATED.

Dated: October 20, 2026

Respectfully submitted,

**HUTCHINGS BARSAMIAN MANDELCORN, LLP**

/s/ *Theodore M. Hess-Mahan*
THEODORE M. HESS-MAHAN
BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
Facsimile: (781) 431-8726
E-mail: thess-mahan@hutchingsbarsamian.com

*Counsel for Plaintiffs Vladimir Gusinsky Revocable Trust, Joseph Crognale, and Feghali Foods, Inc. PSP*

**LEVI & KORSINSKY, LLP**
Gregory M. Nespole (*pro hac vice* forthcoming)
Correy A. Suk (*pro hac vice* forthcoming)
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171

gnespole@zlk.com
csuk@zlk.com

*Counsel for Plaintiff Vladimir Gusinsky Revocable Trust and Proposed Co-Lead Counsel for Plaintiffs*

**ROBBINS LLP**
Brian J. Robbins (*pro hac vice* forthcoming)
Kevin A. Seely (*pro hac vice* forthcoming)
Jacob W. Ogbozo (*pro hac vice* forthcoming)
Grant M. Klasna (*pro hac vice* forthcoming)
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
kseely@robbinsllp.com
jogbozo@robbinsllp.com
gklasna@robbinsllp.com

*Counsel for Plaintiffs Joseph Crognale and Feghali Foods, Inc. PSP and Proposed Co-Lead Counsel for Plaintiffs*

Dated: October 20, 2026

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

/s/ *Alisha Q. Nanda*

James R. Carroll (BBO #554426)
Alisha Q. Nanda (BBO #657266)
Rene H. DuBois (BBO #688849)
500 Boylston Street
Boston, Massachusetts 02116
Tel: 617-573-4800
Fax: 617-573-4822
james.carroll@skadden.com
alisha.nanda@skadden.com
rene.dubois@skadden.com

*Counsel for Defendants Michael F. Mahoney, Jonathan R. Monson, Kenneth M. Stein, Joseph M. Fitzgerald, Nicholas Spadea-Anello, Yoshiaki Fujimori, David C. Habiger, Edward J. Ludwig, Jessica L. Mega, Susan E. Morano, Cheryl Pegus, John E. Sununu, David S. Wichmann,*

*and Ellen M. Zane and Nominal Defendant*
*Boston Scientific Corporation*

* * *

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: October 26, 2026

/s/ Brian E. Murphy

Brian E. Murphy
United States District Judge